No. 2064

Second Circuit

---

MRS. FRANCES O. ALLEN v. S. BENDER

---

(March 11, 1926, Opinion and Decree)

---

(Syllabus by the Court)

1. Louisiana Digest—Evidence—Par. 52, 53, 351.

Plaintiff carries the burden of establishing by a fair preponderance of evidence the certainty of her cause of action.
    Lazarus vs. Newman, 52 La. Ann. 1957, 28 South. 331.
    Kling vs. Masons' Fraternal Acc. Assn., 104 La. 763, 29 South. 332.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

This is a suit for a commission for having found a purchaser for property belonging to defendant.

There was judgment in favor of defendant and plaintiff appealed.

Judgment affirmed.

Cook & Cook, of Shreveport, attorneys for plaintiff, appellant.

Murff, Mabry & Perkins, of Shreveport, attorneys for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff seeks to recover of defendant the sum of $1000.00 as a commission for having found a purchaser for property belonging to defendant at the price of $20,000.00, at which price plaintiff claims she was authorized to sell the property.

Defendant denies each allegation of plaintiff's petition.

The district court rendered judgment in favor of the defendant and the plaintiff appealed.

OPINION

Plaintiff claims to have been employed by defendant to sell certain property for him at the price of $20,000.00. Defendant denies employing plaintiff to sell his property at any price.

The district judge, after hearing the witnesses and observing their manner of testifying, rejected plaintiff's demand. We have carefully read all of the evidence.

Plaintiff swears positively that she was employed by defendant to sell his property for $20,000.00 and that out of this amount she was to receive $1000.00 as a commission.

Defendant swears equally positively that he did not employ the plaintiff to sell his property.

Defendant's testimony is corroborated by that of his wife who, in a perfectly fair and frank manner, says, page 47:

"Q. I will ask you, if any time, Mrs. Bender, Mr. Bender ever authorized (you to sell) that home and fix the price?

"A. No, sir. I am the one that wanted to sell. I like Mrs. Allen. She's my friend. She came there one day to sell me an electric car and I told Mrs. Allen to get me a customer provided Mr. Bender would agree to sell that property and I would buy a new home. That's what I said to Mrs. Allen. She was several times with me. I didn't go to her. I told her I would sell. In the meantime I left for St. Louis and New York; when I got back I told her I had decided to sell for $20,000.00 net provided Mr. Bender would agree to it."

Defendant is also corroborated by Miss Rosalie Maroun and by A. L. Quinna.

Miss Maroun testified, page 43:

"A. * * * Mrs. Allen was figuring on a deal in some way and called up something about the house and Mr. Bender says: 'I don't want to sell my home', and then Mrs. Allen rang up two or three times and he told her, 'I don't want to sell my home'. It seems that he told her he didn't want to sell and she rang up two or three times the next day and then he finally told her, said: 'I am not going to sell my home'; he told her, 'I don't want to sell it'."

A. L. Quinna testified, page 35:

"Q. Did you hear Mr. Bender fix any price or say I will take so much or whether he would sell or not?

"A. He said that he would not sell at all; that if any papers were drawn up he would not sign them.

* * * *

Page 36:

"Q. Now, soon after Mrs. Bender got back from St. Louis Mrs. Allen called up Mr .Bender and he told her that he did not want to sell it?

"A. Yes, sir.

* * * *

Page 37:

"Q. You say that Mr. Bender—you say that Mrs. Bender told Mrs. Allen she would not have to get Mrs. Bender's approval?

"A. Yes, sir, that was before that that

Mrs. Allen came down and met Mrs. Bender there in the office.

"Q. She would have to get Mr. Bender's approval?

"A. Yes, sir.

"Q. Now, when was that? After her trip to St. Louis?

"A. No, sir, before her trip."

From this evidence we are not prepared to say that the finding of the district judge was clearly erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.